MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SHARON E. FRASE (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2329

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,             :
                                      :
        - v -                         :    VERIFIED COMPLAINT
                                      :
$16,793 in United States Currency,    :    08 Civ.
                                      :
        Defendant-in-rem.             :
------------------------------------X

        Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

I. JURISDICTION AND VENUE

        1.   This action is brought pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 by the United States of America seeking the forfeiture of $16,793 in United States currency (the "defendant-in-rem currency");

        2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper under 28 U.S.C. § 1355(a) because the actions giving rise to forfeiture took place in the Southern District of New York and the defendant-in-rem currency was found and seized in the Southern District of New York.

3. The defendant-in-rem currency is presently in the custody of the United States Marshals Service ("USMS") Seized Asset Deposit Fund Account held at the Federal Reserve Bank.

## II. PROBABLE CAUSE FOR FORFEITURE

4. On or about July 3, 2007, agents with the United States Drug Enforcement Administration and other law enforcement officers seized, pursuant to a consent search, the defendant-in-rem currency from Juan Navarro's apartment in Bronx County, New York.

5. Prior to the seizure of the defendant-in-rem currency, law enforcement officers received information from a confidential source that an individual known as Juan Hernandez-Sanchez was involved in laundering the proceeds of illegal narcotics sales. As a result of the information obtained from the confidential source, law enforcement officers observed Hernandez-Sanchez on July 3, 2007, enter 1130 Pelham Parkway South, Apartment 6G, Bronx, New York, which was later determined to be the residence of the claimant, Juan Navarro ("Navarro Apartment"). When Hernandez-Sanchez went into the Navarro Apartment, he was not carrying anything.

6. Hernandez-Sanchez subsequently left the Navarro Apartment with a bag. Hernandez-Sanchez was stopped by law enforcement officers and consented to a search of the bag, which was found to contain approximately $200,000 in United States currency.

7. After searching the bag Hernandez-Sanchez was carrying, law enforcement officers proceeded to the Navarro Apartment, where they conducted a search pursuant to a written consent form signed by Navarro. During the search law enforcement officers found the following: (a) $10,050 in United States currency, located in the bedroom night-stand; (b) $6,003 in United States currency, located under the bed; and (c) $740 in United States currency, located in a closet in the apartment.

8. On or about September 21, 2007, the Internal Revenue Service received a Seized Asset Claim Form from Juan Navarro, claiming that the defendant-in-rem currency was money that he earned while working.

### III. FIRST CLAIM FOR FORFEITURE

9. Incorporated herein are the allegations contained in paragraphs one through eight of the Verified Complaint.

10. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

11. By reason of the above, the defendant-in-rem currency is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), because there is probable

cause to believe that the defendant-in-rem currency constitutes property derived from laundering of money instruments, in violation of Title 18 United States Code, section 1956.

### IV.   SECOND CLAIM FOR FORFEITURE

12.   Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

13.   The defendant-in-rem currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code.

14.   By reason of the above, the defendant-in-rem currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the defendant-in-rem currency and that all persons having an interest in the defendant-

in-rem currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant-in-rem currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       January 24, 2008

    MICHAEL J. GARCIA
    United States Attorney for the
    Southern District of New York
    Attorney for the Plaintiff
    United States of America

By: _____
SHARON E. FRASE (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2329

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

KURT HEINRICH, being duly sworn, deposes and says that he is a Special Agent with the Internal Revenue Service, and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the grounds of his belief are from official records and files of the Internal Revenue Service, the State of New York, the United States Government, and information obtained directly by deponent during an investigation of alleged violations of Titles 18 and 21, United States Code.

_____
KURT HEINRICH
Special Agent
Internal Revenue Service

Sworn to before me this
24th day of January, 2008

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2010

6